UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLORIA SNEED-JACKSON,

    Plaintiff,

v.                                          Case No:    2:18-cv-712-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 31). For the reasons set forth herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq*.

### I.   Social Security Act Eligibility and the ALJ Decision

#### A.   Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the

national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

B.    **Procedural History**

On May 8, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits. (Tr. at 102, 245-51). Plaintiff asserted an onset date of January 1, 2014. (*Id.* at 245). Plaintiff's application was denied initially on July 28, 2015, and on reconsideration on September 29, 2015. (*Id.* at 102, 117). Administrative Law Judge Gracian A. Celaya ("ALJ") held a hearing on June 22, 2017. (*Id.* at 33-65). The ALJ issued an unfavorable decision on October 27, 2017. (*Id.* at 15-27). The ALJ found Plaintiff not to be under a disability from January 1, 2014, through October 27, 2017, the date of the decision. (*Id.* at 26).

On August 30, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff then filed a Complaint (Doc. 1) with this Court on October 26, 2018, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 15).

C.    **Summary of the ALJ's Decision**

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five-step process determines whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found Plaintiff met the insured status requirements through March 31, 2019. (Tr. at 17). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. (*Id.*). At step two, the ALJ determined Plaintiff suffered from the following severe impairments: "major depressive disorder and hypothyroidism (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 18).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work with the following additional limitations: the claimant can never climb ladders, ropes or scaffolds; never work at unprotected heights; and never operate dangerous machinery. The claimant is limited to performing simple routine tasks and making simple work-related decisions; and frequently interacting appropriately with co-workers, supervisors and the public.

(*Id.* at 20).

The ALJ found Plaintiff was unable to perform her past relevant work as a bus driver and track repairer. (*Id.* at 25). The ALJ considered Plaintiff's age, education, work experience and RFC, and found at step five that there were jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that an individual with Plaintiff's age, education, work experience and RFC could perform: (1) hand packager, DOT # 920.587-018, medium, SVP 2;[1] (2) laundry laborer, DOT # 361.687-018, medium, SVP 2; and (3) toy laborer, DOT # 732.687-030, medium, SVP 2. (*Id.* at 26).[2] The ALJ concluded that Plaintiff was not under a disability from January 1, 2014, through October 27, 2017, the date of the decision. (*Id.*).

## II. Analysis

### A. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[1] "SVP" refers to Specific Vocational Preparation and indicates the amount of time required for a typical claimant to learn the techniques, acquire the information, and develop the facility needed for average performance in a job. POMS DI § 25001.001 (A) (77).

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

On appeal, Plaintiff raises the following two issues, as stated by the parties:

(1) Whether the ALJ's findings regarding the opinion evidence are supported by substantial evidence.

(2) Whether the ALJ's finding that Plaintiff retains an RFC to perform the full range of medium work is supported by substantial evidence.

(Doc. 31 at 17, 39).

### C. Whether the ALJ's Findings as to the Opinion Evidence are Supported by Substantial Evidence

Plaintiff argues the ALJ erred in affording no weight to the opinion of treating psychiatrist, Joseph W. Poitier, M.D. (Doc. 31 at 17). Plaintiff claims the ALJ did not consider the length of the treating relationship, the frequency of examinations, the nature and extent of Dr. Poitier's treatment relationship with Plaintiff, the supportability and consistency of Dr. Poitier's opinion with the record as a whole, and Dr. Poitier's specialization of psychiatry. (*Id.* at 19). Plaintiff asserts the ALJ "completely rejected

Dr. Poitier's opinion" because (1) the finding of disability is reserved to the Commissioner; (2) Dr. Poitier did not provide an explanation on how Plaintiff's mental health impacts her physical restriction; and (3) Dr. Poitier's opinion is inconsistent with his longitudinal treatment notes. (*Id.*). Plaintiff argues these reasons, which led to affording little or no weight to Dr. Poitier's opinion, are not supported by substantial evidence. (*Id.* at 20-27).

The Commissioner argues the ALJ properly reviewed, considered, and evaluated the medical evidence, including Dr. Poitier's treatment records and opinion. (*Id.* at 30). The Commissioner asserts the ALJ correctly found Dr. Poitier's opinion that Plaintiff is disabled is a matter reserved to the Commissioner. (*Id.* at 31). The Commissioner also asserts the ALJ correctly found Dr. Poitier's opinion was cursory and did not provide an explanation as to how Plaintiff's mental health issues impacted her physical restrictions. (*Id.* at 32). Additionally, the Commissioner asserts the ALJ properly noted that Dr. Poitier's opinion was undermined by his own treatment notes. (*Id.* at 33).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate

decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). When weighing medical opinions, an ALJ must consider many factors. 20 C.F.R. § 404.1527(c). "For instance, the Social Security regulations command that the ALJ consider (1) the examining relationship; (2) the treatment relationship, including the length and nature of the treatment relationship; (3) whether the medical opinion is amply supported by relevant evidence; (4) whether an opinion is consistent with the record as a whole; and (5) the doctor's specialization." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

On May 16, 2017, Dr. Poitier completed a Residual Functional Capacity Form. (*Id.* at 538-43). Dr. Poitier stated that he had seen Plaintiff monthly due to severe depression. (*Id.* at 538). Dr. Poitier characterized Plaintiff's symptoms as chronic, unremitting, depression characterized by impaired thinking, depressive mood, and no energy. (*Id.*). Dr. Poitier found Plaintiff severely depressed, suspicious, having crying spells, and with labored thinking. (*Id.*). He diagnosed Plaintiff with major depression, severe, recurrent. (*Id.*). His prognosis was guarded. (*Id.* at 539). Dr. Poitier found that Plaintiff's disability prevented her from standing for 6 to 8 hours, and from sitting

upright for 6 to 8 hours, due to her severe depression and tiredness. (*Id.* at 539-40). Dr. Poitier did not opine as to the Plaintiff's ability to reach, finger, or handle objects, the amount of weight she could lift or carry, or whether Plaintiff was restricted in bending, squatting, or kneeling. (*Id.* at 540-41). Dr. Poitier did find Plaintiff unable to travel alone due to anxiety, and that the severity of her depression affects her ability to work or function normally in daily life. (*Id.* at 541). Dr. Poitier found Plaintiff to have daily severe pain from arthritis. (*Id.*). Finally, Dr. Poitier found that Plaintiff's impairments would not allow her to continue or resume work at her current or previous employment due to her severe depression and that this diagnosis was not likely to change. (*Id.* at 542). Further, Dr. Poitier found that Plaintiff would never be able to return to work. (*Id.*).

In the decision, the ALJ summarized some of Dr. Poitier's treatment notes. (Tr. at 21-22). Specifically, the ALJ noted:

> Between February 2013 and April 2015, Dr. Poitier periodically observed that the claimant was flat, sad, glum, listless and anergic. However, he also consistently noted she convincingly denied having hallucinations, delusions, suicidal/homicidal ideations, self-injurious intentions, or other indications of psychotic process. In addition, he consistently observed she was fully oriented and had normal and coherent speech, a logical thought process and content, and intact cognitive functioning, fund of knowledge, recent and remote memory, insight, judgment and social judgment. Further, Dr. Poitier found she had the ability to abstract and do arithmetic calculations, and showed no signs of anxiety or hyperactive or attentional difficulties (Ex. B5F, pp. 18-37).

(*Id.* at 21). The ALJ also noted Dr. Poitier found Plaintiff's symptoms, including hallucinations, increased and she showed signs of extreme and severe depression, and suicidal thoughts. (*Id.* at 22). The ALJ contrasted these conclusions with Dr. Poitier's previous findings over time of other mental-status indicators as normal. (*Id.* at 22). For instance, the ALJ specifically noted that on April 4, 2015, Plaintiff reported she was stable

and denied any psychiatric problems or symptoms. (*Id.*). But the ALJ also noted that in visits through October 2016, Plaintiff reported feelings of hopelessness, helplessness, and auditory and visual hallucinations. (*Id.*). The ALJ reasoned that even with these reported symptoms, Dr. Poitier found Plaintiff cooperative, attentive, and fully oriented, with normal and coherent speech, a logical thought process and content, intact cognitive functioning, a fund of knowledge, intact recent and remote memory, insight, judgment, and social judgment with the ability to abstract and do arithmetic calculations. (*Id.*).

The ALJ gave "no weight" to Dr. Poitier's opinion that Plaintiff reached her maximum treatment and was permanently and totally disabled. (*Id.* at 24). The ALJ specifically found:

> On May 16, 2017, [Dr. Poitier] opined that the claimant could never return to work because depression, anxiety and tiredness prevented her from standing and sitting for 6-8 hours and traveling alone; and required her to lie down during the day (Ex. B10F, pp. 3-6). The opinion is given no weight because findings of disability are reserved to the Commissioner, and Dr. Poitier did not provide an explanation on how the claimant's mental health issues impact her physical restrictions. In addition, it is inconsistent with his over 10-year longitudinal treatment notes which indicate that, despite her symptoms, he consistently found she was cooperative and fully oriented, and had normal and coherent speech; a logical thought process and content; intact cognitive functioning, fund of knowledge, recent and remote memory, insight and judgment; the ability to abstract and do arithmetic calculations; and showed no signs of anxiety, hyperactivity or attentional difficulties, delusions, bizarre behaviors, or other indicators of psychotic process. Therefore, I find that this opinion merits only little weight.

(*Id.*).

Throughout the treatment notes, Dr. Poitier generally finds Plaintiff sad, flat, wary, inattentive, depressed and blunted with occasional hallucinations, suicidal ideations, and anxiety. (*Id.* at 415-44, 526-36). At the same time, many of the treatment notes show

Plaintiff fully oriented and able to abstract and do arithmetic calculations, with no anxiety, fair judgment, and both cognitive functioning and fund of knowledge intact, and short and long term memory intact. (*Id.*).

The ALJ articulated three reasons for giving little or no weight to Dr. Poitier's opinion. First, the finding of disability is reserved to the Commissioner. (*Id.* at 24). Second, Dr. Poitier did not provide an explanation as to how Plaintiff's mental health impacted her physical restrictions. (*Id.*). And third, Dr. Poitier's opinion is inconsistent with his treatment notes. (*Id.*).

First, regarding Dr. Poitier's opinions that Plaintiff is now permanently and totally disabled and is unable to work, the Court finds that this opinion is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527 (d)(1) (finding that medical source opinions reserved to the Commissioner include opinions that a claimant is disabled or unable to work.). Therefore, The ALJ properly afforded no weight to Dr. Poitier's May 6, 2015 and September 17, 2016 opinions that Plaintiff is permanently disabled and unable to work. (Tr. at 510, 511).

That said, Dr. Poitier treated Plaintiff for over ten years before completing the Residual Functional Capacity Form on May 16, 2017, and the Court cannot simply discount his other opinions. (*Id.* at 510, 538-43). As a psychiatrist, Dr. Poitier is a specialist in the mental health field. The ALJ's second argument is that Dr. Poitier did not provide an explanation on how Plaintiff's mental health impacted her physical restrictions. (*Id.* at 24). Dr. Poitier found Plaintiff's severe and extreme depression interferes with her ability to work. (*Id.* at 541-42). He explained that Plaintiff has chronic, unremitting depression, which impairs her thinking, her mood, and her energy.

(*Id.* at 538). She has crying spells and labored thoughts. (*Id.*). Dr. Poitier also found that she would be required to lie down during the day due to tiredness. (*Id.*). The Court finds that Dr. Poitier did explain how Plaintiff's mental health impairments impacted her physical restrictions.

Third, the ALJ found Dr. Poitier's opinion is inconsistent with his treatment notes. (*Id.* at 24). Over the many years of treatment, Dr. Poitier's treatment notes reflect some days when Plaintiff has few if any symptoms and other days when Plaintiff exuded severe symptoms, including auditory and visual hallucinations and severe and extreme depression. Further, within each visit, some parameters were better on some days, and some parameters were worse. "But to discount a treating physician's opinion because it is 'inconsistent with [the source's] own medical records,' an ALJ must identify a genuine 'inconsisten[cy].'" *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1262-63 (11th Cir. 2019) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). The Court finds that there is no inconsistency between Dr. Poitier's finding that at times Plaintiff has such extreme and severe depression that she is unable to operate in a work environment, with his treatment notes finding that at times Plaintiff is cooperative and fully oriented with normal speech and logical thoughts. Another important factor weighing in favor of affording some weight to Dr. Poitier's opinions is his extensive longitudinal treatment history with Plaintiff of more than 10 years.

Notably, the ALJ afforded significant weight to the opinions of reviewing psychologists Dr. Yamir Laboy, Psy.D. and Erick Wiener, Ph.D. even though these were only reviewing psychologists, who never saw or treated Plaintiff. (Tr. at 23). The ALJ noted in their findings that:

> the claimant could comprehend and memorize straightforward occupational instructions/procedures; make basic decisions and complete simple, recurrent tasks at an acceptable rate under normal supervision; complete a normal work day/week without an excessive number of interruptions from psychological symptoms; accept constructive, task-specific supervisory input, and behave appropriately the majority of the time; adjust to modifications in vocational duties that are well-explained or implemented gradually; understand or adhere to occupational safety guidelines; and behave in a goal-directed fashion or do basic planning for job-related activities (Ex. B2A; Ex. B5A). While the DDS psychologists evaluated the claimant's impairments under the "B criteria" of the old requirements of the listings, significant weight is given because of their program knowledge (familiarity with Social Security Rules and Regulations) and supporting explanation provided. The opinions are also generally consistent with the longitudinal findings of treating psychiatrist Dr. Joseph Poitier, MD and therapist Caiter Wiggins, LCSW, as described below. Therefore, I find that these opinions merit significant weight.

(*Id.* at 23-24). But, "non-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." *Schink*, 935 F.3d at 1260.

For the foregoing reasons, the Court finds the ALJ established good cause to afford no weight to Dr. Poitier's opinion that Plaintiff is permanently disabled and unable to work. However, the Court finds that the ALJ did not establish good cause in affording little or no weight to the remaining portions of Dr. Poitier's opinion.

### D. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether the ALJ properly evaluated the opinions of Carter Wiggins, LCSW and Alejando Rotter, M.D. and whether the ALJ erred in his RFC determination. (Doc. 31 at 27-30, 39). Because the Court finds that on remand, the Commissioner must reevaluate Dr. Poitier's opinion, the disposition of these remaining issues would, at this time, be premature.

### E. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) Dr. Poitier's, Mr. Wiggin's, and Dr. Rotter's opinions in light of the medical evidence of record; and (2) Plaintiff's RFC.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties