UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLORIA SNEED-JACKSON,

    Plaintiff,

v.                                                            Case No. 2:18-cv-712-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ORDER**

Before the Court is a motion for authorization of attorney's fees. (Doc. 38). Plaintiff's attorney, Jonas H. Kushner, requests the Court award attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,728.65, which represents the balance of the 25% total of attorney's fees withheld by the Social Security Administration from Plaintiff's past-due Social Security disability benefits. (Doc. 38, p. 1).[1] Plaintiff's counsel represents the Commissioner has no objection to the relief requested. (Doc. 38, p. 3). However, Plaintiff Glorida Sneed-Jackson does not

---

[1] While SSA advised Plaintiff's counsel that it withheld $26,728.65 for attorney's fees, Plaintiff's counsel only seeks $20,728.65. (Doc. 38, pp. 3-4). Counsel already received a payment of $6,000.00 in attorney's fees for work done during the administrative process. (Doc. 38, pp. 3, 4 n.6). Sneed-Jackson's counsel also represented that the Social Security Administration improperly awarded him fees for work done during the administrative process. (Doc. 38, ¶¶ 3-8). It appears that issue is now resolved. (Doc. 39, pp. 1-3).

consent to the relief in the motion. (Doc. 38, p. 9). Sneed-Jackson received a copy of the motion and was notified that she has a right to object to the fee request. (Doc. 38, pp. 9, 11). She did not file a response to the motion and the time to respond has lapsed. For the reasons discussed below, the Court grants the Motion.

On March 25, 2020, the Court reversed and remanded this action to the Commissioner to reconsider certain medical evidence and Sneed-Jackson's residual functional capacity. (Doc. 33, p. 13). On June 5, 2020, Sneed-Jackson filed an Unopposed Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (Doc. 35). Shortly thereafter, the Court awarded Sneed-Jackson's counsel $7,404.96 in attorney's fees. (Doc. 36, p. 3). Plaintiff's counsel now seeks additional fees under 42 U.S.C. § 406(b) from Sneed-Jackson's past-due benefits. (Doc. 38, pp. 1-2). Specifically, Plaintiff's counsel requests an award of $20,728.65 and, upon receipt of the § 406(b) fees, he will return the EAJA fees in the amount of $7,404.96 to Sneed-Jackson. (Doc. 38, pp. 1, 6-7).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the

Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht* , 535 U.S. at 796).

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht* , 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the amount of time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

First, the Court reviewed the parties' "Attorneys Fees for Social Security DIB/SSI Claims(s)" agreement. (Doc. 38, p. 13). In the Agreement, Sneed-Jackson agrees counsel may seek approval of 25% of all past due benefits due her or her dependents. (Doc. 38, p. 13). The Court finds this Agreement comports with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Court finds this agreement is reasonable.

Second, the Court looks to see if counsel delayed this case. The Court finds no evidence of delay. Lastly, the Court considers whether the benefits are large in comparison to the amount of time counsel spent on this case. In this Court's June 8, 2020 Order, (Doc. 36), the Court reviewed the number of hours expended in this case and the hourly rate and found both to be reasonable. (Doc. 36, pp. 2-3). In conjunction with the instant Motion, the Court reviewed: (1) the number of hours Plaintiff's counsel expended and the hourly rates (Doc. 36, pp. 2-3; Doc. 38, pp. 32-37); and (2) the Social Security Administration's Notice of Award (Doc. 38, pp. 20-23, 28-31). After consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $20,728.65 is reasonable.

Accordingly, the "Unopposed Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(B)" is **GRANTED** and the Court awards § 406(b) fees

in the amount of $20,728.65. Upon receipt of these funds by Plaintiff's counsel, the Court directs Plaintiff's counsel to remit $7,404.96 to Sneed-Jackson.

**ORDERED** in Fort Myers, Florida on July 7, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE